Sadie CAMPBELL and Dan Campbell, her husband

v.

George PLAVCHAK.

Civ. A. No. 18981.

United States District Court
E. D. Pennsylvania.

May 29, 1957.

Matthew W. Bullock, Jr., Philadelphia, Pa., for plaintiffs.

Howard R. Detweiler, Philadelphia, Pa., for defendant.

42

KIRKPATRICK, Chief Judge.

This is an action for personal injuries incurred in an automobile accident which occurred on May 16, 1953. The complaint was not filed until nearly two years later, or six days before the statute of limitations had run. A summons was issued forthwith, and on June 21, 1955, returned "not found". No alias summons was issued until January 14, 1957, or about a year and eight months later.

The defendant has moved to dismiss under Rule 41(b), Fed.Rules Civ.Proc., 28 U.S.C., for failure to prosecute. The motion discloses nothing except the chronology above stated which, it seems to me, is enough, of itself, to put the burden upon the plaintiffs to explain the delay. No answer has been filed and there are no facts of record other than what appear from the motion. However, both sides have filed briefs which contain a number of statements of fact and there was no real dispute about them at the oral argument. From these, it appears that from the date of the accident until January 1954, the defendant lived at 223 Collingswood Road, Fairless Hills, Pennsylvania, the address given in his automobile license. In January 1954 he moved and his address became Box 306, Taylor Drive, Falsingham, Pennsylvania, which address was recorded in Harrisburg when he applied for his 1954 and 1955 licenses. From the date of the accident until the present time, he has been employed at the same place, U. S. Steel Corporation, Fairless Works, Morrisville, Pennsylvania. The plaintiffs' explanation of the delay was "It was not until December of 1956 that defendant's whereabouts became known to plaintiffs' attorneys * * *." I believe that the plaintiffs' attorney also stated at the argument that he wrote to Harrisburg to obtain the defendant's address from his license registration but did not receive a reply. In any event, it can hardly be argued that under the circumstances the defendant could not have been located at any time had the slightest degree of diligence been exercised. The net result was to keep defendant in ignorance of the fact that a suit against him was pending, until 21 months after the statutory period of limitations had expired. In Fistel v. Christman, D.C., 13 F.R.D. 245, the suit was dismissed because of a delay of 10½ months. In that case the delay was in issuing the original summons, whereas here it was in issuing an alias after a return of "not found". But I think the reasoning of the Fistel case is fully applicable.

The motion to dismiss is granted.