DOLARES T. AHERN vs. LAURENCE E. WARNER & another.[1]

Suffolk.    February 14, 1983. — June 23, 1983.

Present: GRANT, PERRETTA, & WARNER, JJ.

*Real Property*, Lateral support. *Practice, Civil*, Service of process, Failure to prosecute. *Limitations, Statute of.*

A judge erred in dismissing a civil action for failure of the plaintiff to make service of process within a reasonable time where, although twenty-two months elapsed between the filing of the complaint and service of process, the record gave no indication that the defendants suffered actual prejudice by the delay; moreover, even if the limitation period had expired during the twenty-two months before service was made, that fact would not have warranted the judge in presuming sufficient prejudice to support dismissal. [225-229]

CIVIL ACTION commenced in the Superior Court on April 12, 1978.

A motion to dismiss was heard by *Pierce, J.*

*Robert H. Greene* for the plaintiff.

*Michael A. Pezza, Jr.*, for the defendants.

WARNER, J.    The plaintiff appeals from a judgment dismissing her complaint for failure to make service of process within a reasonable time.    The complaint, which seeks injunctive relief and money damages, alleges that the defendants failed to maintain a retaining wall on property adjoining the plaintiff's, and was filed in the Superior Court on April 12, 1978.    The summonses were issued twenty-two months later, on February 8, 1980, and the summons and complaint were served on the defendant Finn on February 11, 1980, and on the defendant Warner on February 12, 1980.    The defendants filed an answer and an amended

---

[1] Muriel F. Finn.

answer.  In their amended answer the defendants raised defenses of insufficiency of process and of service of process, and of the statute of limitations.  The plaintiff and both defendants filed interrogatories and answers to interrogatories during the months following service, the last filed being the answers of the defendants on September 17, 1981.  A motion of the defendants to dismiss due to the delay in service was filed on November 2, 1981.

The defendants' motion to dismiss, made pursuant to Mass.R.Civ.P. 12(b)(5) and 12(b)(6), 365 Mass. 755 (1974), alleges that the twenty-two month delay between the filing of the complaint and service of process was insufficient service, that the delay constituted "a lack of due diligence in prosecuting the plaintiff's action which substantially prejudices the defendants," and that the delay in service barred the plaintiff's action under the statute of limitations.  The motion judge ruled: "The above entitled motion to dismiss . . . is allowed because of the prejudice to the defendant occasioned by the failure to make service within a reasonable period of time.  Specifically, it would appear that had the action been commenced on or about the time service had been made, it would have been barred by the statute of limitations."

1.  In examining a motion under our rules of civil procedure, we often look to cases construing the comparable Federal rules.  *Rollins Enviromental Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975).  See *Farley* v. *Sprague,* 374 Mass. 419, 423-424 (1978); *School Comm. of Holyoke* v. *Duprey,* 8 Mass. App. Ct. 58, 60-61 (1979).  In the Federal courts, a motion and order to dismiss a complaint due to a delay in service of process are normally made on the grounds of failure to prosecute pursuant to Fed.R.Civ.P. 41(b).  2  Moore's Federal Practice par. 4.06-1, at 4-80 (2d ed. 1982). See, e.g., *Nealey* v. *Transportacion Maritima Mexicana, S.A.,* 662 F.2d 1275, 1278 (9th Cir. 1980); *DiCostanzo* v. *Chrysler Corp.,* 71 F.R.D. 223, 224 (D. Mass. 1976).  That Federal rule has "the identical purpose and intent" as the cognate Mass.R.Civ.P. 41(b)(2),

365 Mass. 804 (1974). *School Comm. of Holyoke* v. *Duprey, supra* at 60.

Although the defendants' motion and the judge's order and judgment were mislabeled as actions taken pursuant to rules 12(b)(5) and 12(b)(6) (when they should have been taken pursuant to rule 41[b][2]), we treat the motion according to its obvious character rather than its label. "The liberality of the . . . Rules is such that erroneous nomenclature does not prevent the court from recognizing the true nature of a motion." *Sacks* v. *Reynolds Sec., Inc.*, 593 F.2d 1234, 1239 (D.C. Cir. 1978), quoting from *Owen* v. *Kronheim*, 304 F.2d 957, 959 (D.C. Cir. 1962). See *Quabaug Rubber Co.* v. *Fabiano Shoe Co.*, 567 F.2d 154, 158 (1st Cir. 1977); *E.S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110 (1928); *Tierney* v. *Tierney*, 332 Mass. 414, 416-417 (1955); *Beaton, petitioner*, 354 Mass. 670, 671 (1968).

2. The defendants' motion raises only the issue of the consequences of the delay in service of process. The statute of limitations is urged as a bar to an action brought at the time service was made and not as a bar to the action when filed. (The amended answer does raise the statute of limitations as a defense.) The judge ruled that the defendants were prejudiced by the delay in service because, he concluded, had the action been commenced at the time of service, it would have been barred by the statute of limitations.

There was error for two reasons: (a) there is no indication in the record that the statutory period of limitations had expired before service was made, and (b) when a complaint is timely filed, the expiration of the statutory period of limitation before service of process does not ordinarily, without more, provide sufficient grounds for the dismissal of the complaint.

(a) The complaint alleges that a nursing home was built on property adjoining property belonging to the plaintiff, that the nursing home was built at a lower level than the plaintiff's property, and that a retaining wall constructed between the two properties "has proven to be ineffective

and has been allowed to fall into a state of disrepair . . . ."
The complaint may reasonably be interpreted as alleging
that the defendants violated their duty to provide lateral
support for the plaintiff's land.[2] See *Gorton* v. *Schofield*,
311 Mass. 352 (1942); Restatement (Second) of Torts
§ 817(1) and comment k (1979). That duty is a continuing
one which may subject the owner of the supporting land to
liability and to mandatory injunction whenever a substan-
tial subsidence in the supported land occurs. Restatement
(Second) of Torts § 817(1) comment i; §§ 933-943; § 936(1)
comments e and f. The statute of limitations begins to run
anew when each substantial subsidence occurs and not just
from the occurrence of the first such subsidence, or from the
first act or omission which permitted it. *Id.*, § 817(1) com-
ment i. 5 Powell, Real Property par. 699, at 290-291 (Rohan
ed. 1981). See *Sixty-Eight Devonshire, Inc.* v. *Shapiro*, 348
Mass. 177, 183-184 (1964). The applicable statute of
limitations provides that the action shall be commenced
before the expiration of three years from the date when the
cause of action accrues. G. L. c. 260, § 2A, as amended by
St. 1973, c. 777, § 1.[3] See *Sixty-Eight Devonshire, Inc.* v.
*Shapiro, supra* at 183, where G. L. c. 260, § 2A, was ap-
plied to a somewhat similar cause of action. Unless the last
substantial subsidence occurred more than three years
before service of process, an action would not have been
barred by the limitation period had the complaint been filed
when service was made.

There is nothing in the record which indicates whether
any substantial subsidence occurred prior to the filing of the

---

[2] There is no requirement that the plaintiff's complaint state the correct
legal theory applicable to the case, *Gallant* v. *Worcester*, 383 Mass. 707,
709-710 (1981), or state the relevant facts with completeness or precision,
*Haggerty* v. *Globe Newspaper Co.*, 383 Mass. 406, 408 (1981). See *Nader*
v. *Citron*, 372 Mass. 96, 98 (1977).

[3] The defendants' motion to dismiss states the applicable statute of
limitations to be G. L. c. 260, § 2B. That statute has no application to
the facts of this case. See *Klein* v. *Catalano*, 386 Mass. 701, 717 (1982).
The judge did not refer to any particular statute.

complaint and subsequent to the plaintiff's first observance of defects in the retaining wall in 1967 or 1968. Consequently, there is no basis for the motion judge's ruling that the limitation period had run prior to service of process.

(b) Although what we have said is dispositive of the appeal, we think it appropriate to express further our views on questions involving the application of the statute of limitations which may arise in subsequent proceedings. Ordinarily an action is not automatically barred by the statute of limitations if the complaint is timely filed but service of process occurs after the limitation period. *School Comm. of Holyoke* v. *Duprey,* 8 Mass. App. Ct. at 60-62, and cases cited. See 4 Wright & Miller, Federal Practice and Procedure § 1056 (1969). Mass.R.Civ.P. 3, as amended,[4] provides that an action commences upon the mailing or filing of the complaint. There is no provision in our rules of civil procedure specifying when service of process must be made. See Mass.R.Civ.P. 4(a), 365 Mass. 733 (1974).

"The mere passage of time does not require a dismissal; it must constitute prejudice to the defendants, afford the plaintiff[ ] an unfair tactical advantage, or involve harassment of the defendants. Delay brings into question the plaintiff['s] good faith and due diligence, which, in the absence of extreme delay, must be balanced against the prejudice caused to the defendant[s]. . . . There is no reason why there must be a dismissal as matter of law where the action has been timely commenced but there has been a delay in service of the summons." *School Comm. of Holyoke* v. *Duprey, supra* at 60-62 (citations and footnote omitted) (service of process seven months after filing of complaint did not require dismissal absent a showing of prejudice).

While dismissal is within the sound discretion of the judge (*School Comm. of Holyoke* v. *Duprey, supra* at 60), here

---

[4] When service of process was made here, Mass.R.Civ.P. 3, 365 Mass. 732 (1974) read: "A civil action is commenced by (1) mailing to the clerk of the proper court by certified or registered mail a complaint and an entry fee prescribed by law, or (2) filing such complaint and an entry fee with such clerk." A subsequent amendment made no relevant change.

the judge appears to have presumed a sufficient showing of prejudice solely by virtue of his conclusion that the limitation period had expired. Even if such conclusion was permissible, there is nothing in the record to indicate a showing of actual prejudice. Absent a showing of such prejudice, the complaint may not be dismissed. There may occur some situations in which the delay in service has been so long that prejudice resulting from the delay may be presumed.[5] We hold that a delay of twenty-two months is not such a situation where, as here, the plaintiff has alleged facts indicating a breach of the continuing duty of lateral support of her land.

3. Since there can be a new cause of action[6] with each substantial subsidence of supported land when there has been a breach of the duty of lateral support, the question remains as to the appropriate limitation period when there has been a significant delay in service of process.

If there is no showing of actual prejudice to the defendants due to the delay in service, the limitation period stops

---

[5] Although there is not uniformity in the Federal courts on the treatment of lengthy delays in service of process following the filing of a complaint, several Federal decisions have found delays of over twenty-two months, where the statute of limitations period had run prior to service, not to require dismissal as a matter of law or raise a presumption of prejudice to a defendant. See, e.g., *Moore Co.* v. *Sid Richardson Carbon & Gas Co.*, 347 F.2d 921, 921-922 (8th Cir. 1965), cert. denied, 383 U.S. 925 (1966) (twenty-seven month delay until valid service); *Nealey* v. *Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275 (9th Cir. 1980) (over twenty-two month delay); *Preston* v. *Medlinger*, 83 F.R.D. 198, 199-201 (S.D. N.Y. 1979) (twenty-six month delay). See also *Arnesen* v. *Shawmut County Bank, N.A.*, 504 F. Supp. 1077, 1079-1080 (D. Mass. 1980) (fourteen month delay). Compare *Messenger* v. *United States*, 231 F.2d 328, 330-331 (2d Cir. 1956) (dismissal for failure to prosecute affirmed after four and one-half year delay with no showing of actual prejudice). Cf. *Charles Labs, Inc.* v. *Banner* 79 F.R.D. 55 (S.D. N.Y. 1978) (delays of twenty to twenty-two months require dismissal where plaintiff has not shown sufficient excuse under a due diligence test). See 4 Wright & Miller, Federal Practice and Procedure § 1056 (1969).

[6] Of course there can be no claim upon causes of action accruing after the complaint was filed without the filing of a supplemental complaint. Mass.R.Civ.P. 15(d), 365 Mass. 762 (1974).

Ahern *v.* Warner.

running on the date when the complaint is filed. *Harrison* v. *Textron, Inc.*, 367 Mass. 540, 552 (1975). If the defendants can show actual prejudice due to the delay in service, any causes of action affected thereby, and which would be barred as of the date of service, may be dismissed under a motion pursuant to rule 41(b)(2).[7] The prejudice which would support dismissal includes any circumstance which would significantly impair a defense of the claim (see *Nealey* v. *Transportacion Maritima Mexicana, S.A.*, 662 F.2d at 1281), but not potential damages from the continuing tort.

The judgment is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

[7] It may be that on remand this case will be disposed of in whole or in part, after further discovery and appropriate affidavits, by summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824-826 (1974).