Lenhoff, J.
The Appellate Division has been presented with a Report of the Trial Court setting forth therein the Plaintiff’s grievances; and, because the Plaintiff believed that such presentation was inadequate and incomplete, its Petition to Establish a Report is also now before our body.
A complete and thorough review of the Plaintiff s Petition brought pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64 (e) fails for want of verification in that there is no statement that the draft report conforms to the truth. See Stevens v. United Artists Corporation, 373 Mass. 854 (1977); Cook v. Roglowski, 351 Mass. 708 (1967). Consequently, the Petition to Establish a Report be and is hereby dismissed.
Therefore, the sole matter for our consideration is the Trial Court’s Report with sufficient facts stated therein to enable this reviewing tribunal to make the requested determination.
The related facts disclose that the instant matter was initiated by a complaint filed in the Worcester Superior Court by the Plaintiff, Charlotte A. Hampshire, wherein each of three counts allege conversion[2] of funds by each of the three Defendants. Said complaint was entered in said Court on September 17, 1979.
The said Plaintiff, Charlotte A. Hampshire, was a resident of the state of Connecticut and she died on August 26, 1980.
*295 On November 12, 1980, the Superior Court ordered the case transferred for trial to the Worcester Division of the District Court Department as per G.L. c. 231, § 102C.
On December 16,1980, a Suggestion of the Plaintiffs death was filed with the Court papers in this action.
Thereafter, this case appeared on the Court’s trial assignment list scheduled for January 5,1983 and, on that date, the Trial Court non-suited the Plaintiff for failure to appear.
On January 18,1983, the attorney who had represented the Plaintiff while she was living, filed a Motion to Vacate the Non-Suit. The Trial Court heard the motion which it denied.
On January 24, 1983, the Trial Court made the following Finding on NonAppearance containing the following language: “The plaintiff having neglected without just cause after due notice to appear at the time appointed for trial, judgment is ordered to be entered for the defendants.”
On February 8, 1983, a motion filed by the attorney for the late Plaintiff for Relief of Judgment was heard and denied.
On March, 1983[3], one Charles B. Swartwood, III, was appointed administrator of the estate of Charlotte M. Hampshire. As per the docket entry dated March 16, 1983, as such administrator, he filed a Motion to be Substituted as Party Plaintiff and a Motion for Relief of Judgment. (The Report of the Trial Court shows the filing date of these motions to be April 8,1983. In the light of the docket entry, such mentioned date is apparently erroneous.)
The Trial Court heard said aforestated motions which it denied.
Finally, the Report of the Trial Court lists that the Plaintiff has been aggrieved as follows: (1) by the Entry of Non-Suit; (2) by the Denial of the Plaintiffs Motion to Remove Default (treated by the Trial Court as a Motion to Vacate Non-Suit); (3) by the Finding on Non-Appearance and Entry of Judgment for the Defendants; (4) by the Motion for Relief of Judgment; and (5) by the Motion to Substitute a Party Plaintiff.
The complaint in these proceedings alleges conversion of the Plaintiff’s property. A conversion action survives (G.L.c. 228, § 1) and upon the death of a concerned party, same passes to one duly appointed the legal representative of the involved estate. See Devlin v. Houghton, 202 Mass. 75, 81-82 (1909); Hagar v. Norton, 188 Mass. 47, 49-50 (1905). The foregoing disposes of any contention advanced that this action came to an end upon the death of the Plaintiff.
Although the complaint remains legally alive, the Plaintiff’s death on August 26, 1980 caused her then attorney’s authority to cease abruptly and automatically terminate. Turner v. Minasian, 358 Mass. 425, 427 (1970); Barnes v. Barnes, 291 Mass. 383, 385 (1935).
At the call of the Trial Court’s trial assignment list on January 5, 1983, it non-suited the Plaintiff for failing to appear. It is assumed that such disposition occurred because the decedent’s former attorney was not present. If such assumption be accurate, the Trial Court erred because a nonexistent Plaintiff, in these circumstances, could not have any attorney. If the aforesaid speculation is inaccurate, the Trial Court’s action might have been based on the belief that it possessed inherent power incident to the right and duty to keep the judicial system operating efficiently by disposing of long dormant, pending cases. Massachusetts General Hospital v. Grassi, 356 Mass. 1, 2 (1969). Also, our Supreme Judicial Court in the case of State Realty Co. of Boston, Inc. v. MacNeil Bros. *296 Co., 358 Mass. 374, 379 (1970), recognizes that a court can, sua sponte, dismiss cases for lack of prosecution by its inherent power, exclusive of rule or statute, necessarily to control and manage its affairs, citing a quote in Link v. Wabash R.R., 370 U.S. 626, 630-631.
Notwithstanding the inherent power vested in courts to take appropriate steps to move so-called litigation deadwood to trial or dismissal, we adopt the position that the dismissal route whould be preceded by due process requiring proper notice to the parties in interest. Here the report fails to indicate to whom, if anyone, due notice was given regarding the January 5,1983 trial assignment list. Further, as the now deceased Plaintiff had no representative duly appointed in this state, the Trial Court’s judgment entered on January 24, 1983, stating that “The plaintiff having neglected without just cause after due notice to appear. ...”, is not and cannot be considered accurate and correct.
In addition to the above, in this particular situation, the said inherent power of the court is subject to Dist./Mun. Cts. R. Civ. P., Rule 25, which specifically provides for cases of this type Said Rule 25 (a) (l)[4] is self-explanatory. It states that death does not extinguish the claim; the court can order substitution of proper parties or a motion accordingly can be filed by any party or by the representative of a deceased party; and dismissal is in order if such representative fails to move for substitution within one year after the approval of the representative’s bond unless excusable neglect is the reason therefor.
The Trial Court’s Report is absent action by either the Trial Court or the Defendant that was taken pursuant to this rule. Because this portion of the rule presupposes the existence of a duly appointed representative of a deceased party, no action could have been forthcoming during the time there wasn’t any representative appointed. We do, however, have a Motion to Substitute a Party Plaintiff filed in the Trial Court on March 16, 1983 by the representative of the Plaintiff, having been duly appointed earlier that same month. We further note that a representative of an estate is required to submit a duly executed bond, G.L.c. 205, § 1 and is considered to have resigned if he fails to do so within thirty (30) days of appointment, G.L.c. 205, § 8. Hence, the Motion to Substitute filed March 16,1983 was so filed well within the year limitation applicable to thereby enable said representative to comply with said Rule 25 (a) (1).
In view of what has been herein before stated, we conclude that the Trial Court Entry of Non-Suit was entered in error as was its Finding on Non-Appearance and Entry of Judgment. We find its denial of the Motion to Remove Default (treated as Motion to Remove Non-Suit) was correct as the Plaintiff was then nonexistent and didn’t have any attorney nor a legal representative at that time. Lastly, the filed motions of the decedent Plaintiffs duly appointed representative should have been allowed to enable the representative to take over to represent the estate of the Plaintiff as sound policy favors the hearing of all claims and their determination on the merits.
*297 Before finalizing this opinion, we wish to acknowledge a most meritorious argument put forward by one of the Defendants. It was pointed out that the lengthy delay from the filing of a suggestion of death on December 16, 1980 to March, 1983 when a representative was duly appointed, could conceivably be stretched and delayed for an unreasonably long period of time; i.e., twenty-five years, by one who fails to take steps to be appointed.
It is our considered opinion that there presently appears to be no mechanism in our statutes or rules setting a deadline in which a representative of a deceased plaintiff should or must be appointed. In the absence of such statute or rule, we note the following quote in School Comm. of Holyoke v. Duprey, 8 Mass. App. Ct. 58, 60-62 (1979) that appears in Ahern v. Warner, 16 Mass. App. Ct. 223, 227 (1983) where there was a long delay in service of process and there was no provision in our rules of civil procedure specifying when such service was to be made:-
The mere passage of time does not require a dismissal; it must constitute prejudice to the defendants, afford the plaintiff ( ) an unfair tactical advantage, or involve harassment of the defendants. Delay brings into question the plaintiff's) good faith and due diligence, which, in the absence of extreme delay, must be balanced against the prejudice caused to the defendant(s).. .There is no reason why there must be a dismissal as matter of law where the action has been timely commenced but there has been a delay in service of the summons.
In addition to the quote above, it is indicated in note 5 on page 228 in Ahern v. Warner, supra, that a prolonged period of delay might create a presumption of prejudice so as to require dismissal as a matter of law.
We believe that the foregoing may also be applicable to the instant matter. Nevertheless, as the Report before us ‘discloses no prejudice, no unfair tactical advantage and no harassment of the Defendants, and as the time lag was about twenty-seven (27) months, the law in Ahern v. Warner, supra, does not call for dismissal in the case at bar.
It also is interesting to note the limitation for appropriate action required by federal rule in comparison to the rule applicable in this Commonwealth. Same appears in the fourth paragraph of Reporter’s Notes following Dist./Mun. Cts. R. Civ. P., Rule 25, and reads as follows:-
Rule 25 (a) (1) differs in several respects from Federal Rule 25 (a)(2).
The federal rule requires that the- motion for substitution take place within ninety days after the death is suggested upon the record; the Massachusetts rule allows the motion to be made within one year after the date of approval of the bond of the representative of the deceased party. This period is more consistent with prior Massachusetts law for issuance of a citation. Prior law provided for one year from the time the representative had given bond whereas Rule 25 (a) (1) provides for one year from the approval of the bond.
This Commonwealth now has an apparent vacuum in its statutes and rules regarding this particular situation. We do possess a time limitation after a decedent’s appointed representative gives bond and the Probate Court approves same. However, in a case instituted by a decedent, there is no time requirement for the obtaining of such bond approval subsequent to death. This gap should be plugged with clarity to avoid and avert the problem that confronted us in this matter. We trust that those charged with reviewing our rules might give attention to a revision of Dist./Mun. Cts. R. Civ. P., Rule 25; having the above in mind.
To conclude, having found error, the Entry of Non-Suit is hereby set aside; the *298 Finding on Non-Appearance and Entry of Judgment for the Defendants is vacated; and, the denial of the Motion to Substitute Party Plaintiff is reversed and same should be allowed.
The case is hereby remanded to the Trial Court for proceedings consistent with this opinion.

 The Trial Court’s Report states this is an action alleging deceit and “consequent conversion” in the first paragraph thereof; and, subsequently therein, it sets forth: "I find that this is an action based on fraud and deceit
We have examined the entire contents of the complaint and it is out considered conclusion that each count alleges “conversion” of the Plaintiffs funds.

 The exact date does not appear in the Trial Court’s Report.

 “(a) Death.
■‘(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the representative of the deceased party, and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made within one year after the date of approval of the bond of the representative of the deceased party, the action shall, upon notice and hearing, be dismissed unless the failure of the surviving party to move for substitution was the result of excusable neglect. If the court finds that the representative of the deceased party has failed within a reasonable period of time after the date of the approval of his bond to notify in writing the surviving party of the decedent’s death and to file a suggestion of death upon the record, it shall find excusable neglect for purposes of this rule and Rule 6 (b).”