WILLIAM N. BRISSETTE & another[1] *vs.* FRANK R. CRANTZ
& another.[2]

Plymouth.  October 17, 1986. — December 3, 1986.

Present: WARNER, KAPLAN, & FINE, JJ.

*Practice, Civil,* Service of process, Failure to prosecute. *Limitations, Statute of.*

Motions by defendants to dismiss a civil action on the ground of insufficiency of service of process, which should have been brought instead on the ground of failure to prosecute under Mass.R.Civ.P. 41(b)(2), were treated by this court as if the correct basis had been asserted. [214]

A judge acting under Mass.R.Civ.P. 41(b)(2) could not be said to have abused his discretion in dismissing a medical malpractice action on the ground of failure to prosecute where, on the basis of the complaint and other materials before him, the judge could properly have found that prejudice to the defendants had resulted from the plaintiffs' delays in making service of process on the respective defendants until approximately twenty and twenty-one months after commencing the action, in each case over four and one-half years after the incident giving rise to the claims. [214-217]

CIVIL ACTION commenced in the Superior Court Department on June 17, 1983.

The case was heard by *James J. Nixon, J.,* on a motion to dismiss.

*William J. Brisk* for the plaintiffs.
*Carol A. Griffin* for St. Luke's Hospital of Middleborough.
*Mary Dacey White* for Frank R. Crantz.

WARNER, J. On June 17, 1983, the plaintiffs filed a complaint against the defendants in the Superior Court alleging medical malpractice arising out of an incident on July 10, 1980, at the emergency room of the defendant hospital. The plaintiffs' counsel was allowed to withdraw his appearance on July 20, 1984. Service of process had not then been made on

---

[1] Michelle Brissette.

[2] St. Luke's Hospital of Middleborough.

either defendant. Successor counsel for the plaintiffs filed an appearance.on February 21, 1985. Service was made on the defendant hospital on February 25, 1985, and on the defendant doctor about March 20, 1985. No responsive pleadings were filed. The plaintiffs appeal from a judgment of dismissal entered on June 12, 1985, following the allowance of the defendants' motions to dismiss for insufficiency of service of process brought pursuant to Mass.R.Civ.P. 4, 365 Mass. 733 (1974), and 12(b)(5), 365 Mass. 755 (1974).

We begin by noting that the defendants' motions and the judgment should have been on the ground of failure to prosecute under Mass.R.Civ.P. 41(b)(2), 365 Mass. 804 (1974). *Ahern* v. *Warner,* 16 Mass. App. Ct. 223, 224-225 (1983). "Although the defendants' motion[s] and the . . . judgment were mislabeled . . . we treat the motion[s] according to [their] obvious character rather than [their] label[s]." *Id.* at 225.

There is no provision in the rules of civil procedure specifying when service of process must be made. See Mass.R.Civ.P. 4(a), 365 Mass. 733 (1974).[3] The dismissal of an action on the ground of delay in the service of process is within the sound discretion of the judge. *Ahern* v. *Warner, supra* at 227. Mass.R.Civ.P. 41(b)(2). We measure the exercise of that discretion by familiar principles. "The mere passage of time does not require a dismissal . . .; it must constitute prejudice to the defendants, afford the plaintiffs an unfair tactical advantage, or involve harassment of the defendants. . . . Delay brings into question the plaintiffs' good faith and due diligence, which, in the absence of extreme delay, must be balanced against the preju-

---

[3] By amendment effective February 26, 1983, the Federal Rules of Civil Procedure require service of process to be made within 120 days of the filing of the complaint. Failure to do so may result in dismissal of the action *without prejudice.* Fed.R.Civ.P. 4(j). The prior rule provided no time limit. The present rule was thought to be necessary in light of other amendments which shifted the burden of process serving from United States marshals to the parties and allowed service by mail. See Report of the Judiciary Committee, 96 F.R.D. 116 (1983); 4 Wright & Miller, Federal Practice and Procedure § 1138 (Supp. 1985). The Massachusetts rules normally require service by a generally or specially authorized process server. Mass.R.Civ.P. 4, 365 Mass. 733 (1974), as amended through 385 Mass. 1213 (1982).

dice caused to the defendant[s]. . . . There is no reason why there must be a dismissal as matter of law where the action has been timely commenced but there has been a delay in service of the summons" (citations and footnote omitted). *School Comm. of Holyoke* v. *Duprey,* 8 Mass. App. Ct. 58, 60-62 (1979), and cases cited. *Ahern* v. *Warner, supra* at 227.

In support of their motions to dismiss, each defendant filed a brief and an affidavit. The plaintiffs also filed a brief and an affidavit. The motion was heard and decided on these materials and after oral argument; we do not have a transcript of the argument. The plaintiffs made no claim in the Superior Court, nor do they do so on appeal, that they acted with good faith and due diligence in making service of process. What appears in the record allows the assumption that the plaintiffs did not so act, at least up to the time successor counsel entered the case. We proceed then to the question of the balance of the plaintiffs' conduct against the prejudice shown to have been caused to the defendants by the delay.

We do not think that the delays of approximately twenty and twenty-one months in service on the hospital and doctor, respectively, may, without more, support a presumption of prejudice. See *Ahern* v. *Warner, supra* at 228 & n.5, and cases cited. The judge does not appear to have found to the contrary. In his brief memorandum of decision, he said: "The mere passage of time does not require a dismissal, unless it constitutes substantial prejudice to the defendants. The first notice to [the defendants] of a possible claim came 4½ years after the alleged injury. This is prejudice to the defendant[s]. Dismissal is within the sound discretion of the court." While further explication of the rationale for the judge's decision would have been helpful, we cannot say that he abused his discretion in allowing the motions. We do not substitute our judgment for that of the judge, and we cannot say "that no conscientious judge, acting intelligently, could honestly have taken the view expressed by him." *Davis* v. *Boston Elev. Ry.,* 235 Mass. 482, 502 (1920). *Commonwealth* v. *Medeiros,* 395 Mass. 336, 351 (1985). See *Bucchiere* v. *New England Tel. & Tel. Co.,* 396 Mass. 639, 641 (1986), and cases cited. The

judge's weighing of the relevant factors and his conclusion as to imbalance involves the quintessence of the exercise of discretion.

On the basis of the complaint and the materials presented to him in connection with the motions to dismiss, the judge could have considered in combination the following circumstances in addition to the delay in service: (1) The plaintiffs' claims were not known to either defendant until service of process was made, in each case over four and one-half years after the incident giving rise to the claims.[4] (2) Neither the defendant doctor nor the emergency room nurse listed on the hospital record had any memory of the incident;[5] no one else, other than the plaintiff patient, was alleged to have any direct knowledge. (3) The need to conduct reasonably prompt investigation of a claim of negligence in emergency room treatment might well be more urgent than in the case of inpatient treatment.

This case is distinguishable from *Ahern* v. *Warner*, 16 Mass. App. Ct. 223 (1983). There, the plaintiff filed a complaint against her neighbors for failure properly to maintain a retaining wall. Service of process was not made until some twenty-two months later. A Superior Court judge dismissed the action be-

---

[4] There is agreement that the action was timely commenced. See Mass.R. Civ.P. 3, 365 Mass. 733 (1974). In their brief to this court, the plaintiffs concede that at the time of service on the defendants, the statute of limitations had run, whether measured from the date of the incident or under the discovery rule enunciated in *Franklin* v. *Albert*, 381 Mass. 611 (1980). Service of process after the limitation period does not necessarily preclude a timely filed action. See *Ahern* v. *Warner*, *supra* at 227. Of course, if the statute of limitations has not run, the question may, as a practical matter, be moot. We recognize that a defendant may not seek dismissal because of delay in commencing an action within the period of the statute of limitations where service of process is reasonably prompt, even if made after the limitation period. However, when, as here, there has been substantial delay (whether considered from the date of the incident or date of discovery) in making service after the limitation period has expired, we think the judge may properly consider, along with other circumstances, the entire period — from incident to service — in ruling on a motion to dismiss.

[5] Here, of course, a judge should keep in mind the ease and convenience of such an assertion, and the doctrines of past recollection recorded and present recollection refreshed.

cause he concluded that it would have been barred by the statute of limitations at the time service was made and that the defendants were thereby prejudiced. *Id.* at 224. We reversed, holding that the record did not show that the statute of limitations had expired at the time service was made. *Id.* at 225. We also gave direction in the event that, on remand, the statute of limitations was determined to have expired as to certain causes of action (for violation of a continuing duty to provide lateral support for adjoining land). In that situation, we said the judge must balance the plaintiff's lack of good faith and due diligence against the prejudice shown to have been caused to the defendants by the delay in service. *Id.* at 227-229. Indeed, we left open the possibility of dismissal under rule 41(b)(2), saying, "[t]he prejudice which would support dismissal includes any circumstance which would significantly impair a defense of the claim." *Id.* at 229.

*Judgment affirmed.*