LAURENCE J. HOCH & others [1] *vs.* DAVID T. GAVAN.

No. 87-798.

Suffolk. February 16, 1988. — March 30, 1988.

Present: BROWN, KAPLAN, & DREBEN, JJ.

*Practice, Civil,* Service of process, Failure to prosecute, Dismissal, Judicial discretion.

The judge in a civil action properly exercised her discretion in dismissing for lack of prosecution plaintiffs' complaint in circumstances indicating that the complaint was filed one day short of the running of the applicable three-year statute of limitations, that the absence of any response by the defendant to the purported service might reasonably have alerted counsel to the possibility that service had not been accomplished, that the period of counsel's inaction was more than three and one-half years, that counsel make no pretense of asserting that their neglect was excusable, and that notification of the pendency of the action against the defendant came to him some seven years after the incident in suit. [551-554]

CIVIL ACTION commenced in the Superior Court Department on December 8, 1982.

The case was heard by *Barbara J. Rouse,* J., on a motion to dismiss.

*Janice Bassil* for the plaintiffs.
*John M. Keough* for the defendant.

KAPLAN, J. On December 9, 1979, the defendant Gavan, a medical doctor, but not having a professional relation to any of the plaintiffs, reported to a child abuse "hotline" that the plaintiff parents were physically abusing the third plaintiff, their young daughter. In their complaint, filed on December 8, 1982, the plaintiffs charged that the defendant's report was a libel upon each of them, and claimed damages.[2]

---

[1] Joan Hoch (wife of Laurence), and Margaret Hoch, their daughter, by Laurence, as next friend.

[2] Physicians and certain others who, acting in their professional capacity, have a reasonable belief that a child is being abused, are required to make

On March 16, 1987, the defendant moved to dismiss the complaint under Mass.R.Civ.P. 41(b)(2), 365 Mass. 804 (1974), which provides in part: "On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute . . .."[3] Upon the motion it appeared that a deputy sheriff had attempted to serve the defendant on December 20, 1982, by leaving summons and complaint at an address in Newton. The defendant evidently had earlier left that place and gone to live outside the Commonwealth. As no responsive pleading was forthcoming, the plaintiffs' counsel on February 18, 1983, requested the entry of a default, and the clerk of court complied on March 8, 1983 (Mass.R.Civ.P. 55[a], 365 Mass. 822 [1974]). Counsel took no further step with respect to the default. Nor did they take any other step in the action until October 10, 1986, when they sent summons and complaint by certified mail to the defendant at his home in Manlius, New York, where he received the papers on October 14. Having been relieved by stipulation of the clerk's entry of default, the defendant made his motion to dismiss. A judge of the Superior Court allowed the motion, writing an explanatory memorandum, and the plaintiffs appeal.

It will be observed that the complaint was filed one day short of the running of the applicable three-year statute of limitations, G. L. c. 260, § 4; that the absence of any response

---

report, and then are accorded immunity from suit. Others are not required to report, but if they do so in good faith are relieved. See G. L. c. 119, § 51A. The present complaint seems to point to the latter category.

[3] The similar rule 41(b) of the Federal Rules of Civil Procedure does not state that dismissal shall be upon motion of the defendant, or with notice, nor does it state that the court acts in discretion. The Federal cases have read discretion into the rule. See *School Comm. of Holyoke* v. *Duprey,* 8 Mass. App. Ct. 58, 61 (1979).

By a 1983 amendment, subdivision (j) was added to Federal rule 4. In paraphrase: if service of summons and complaint is not made within 120 days after the filing of the complaint, the action shall be dismissed, without prejudice, unless the plaintiff shows good cause for the delay. The Commonwealth has not adopted any similar provision. See *Brissette* v. *Crantz,* 23 Mass. App. Ct. 213, 214 n.3 (1986). Compare our rule 41(b)(1), permitting action on the court's own motion to clear the calendar of cases which have remained inactive for three years. Such dismissals are without prejudice.

by the defendant to the purported service might reasonably have alerted counsel to the possibility that the service had misfired; that the period of counsel's inaction was more than three and one-half years; that counsel make no pretense of asserting that their neglect was excusable; and that notification of the pendency of an action against the defendant came to him some seven years after the incident in suit.

Where rule 41(b)(2) speaks of the court's discretion, what is intended is that, as in other matters of case-management, the view taken by the trial judge shall be upheld except when it is the result of "arbitrary determination, capricious disposition, or whimsical thinking" — an "idiosyncratic choice." *Bucchiere* v. *New England Tel. & Tel. Co.*, 396 Mass. 639, 641 (1986) (adopting the quoted language from other authority). At the same time the judge is admonished to keep in mind that dismissal of an action is serious business, see *Monahan* v. *Washburn*, 400 Mass. 126, 128 (1987); it has all the finality of a hanging.

The opinion in *Bucchiere, supra,* indicates that a judge in discretion may dismiss an action when in the course of the litigation there has been long-extended inaction by the plaintiff and, on defendant's challenge, the plaintiff fails to come forward with a showing of reasonable excuse. See *Bucchiere* at 642, citing *Moore* v. *Telfon Communications Corp.*, 589 F.2d 959, 967 (9th Cir. 1978), which takes that position. See also *Ahern* v. *Warner*, 16 Mass. App. Ct. 223, 228 (1983). It is in this sense that one can speak of a "presumption" of amenability to dismissal arising from protracted neglect on the part of a plaintiff. See *Moore, supra* at 967-968; *Washington* v. *Walker,* 734 F.2d 1237, 1238-1239 (7th Cir. 1984).

We need not, however, rest on the general formulation suggested by *Bucchiere,* for the circumstances of the present case furnish strong additional support for the judge's exercise of discretion to dismiss the action. The delay here was in accomplishing service, and it is recognized that "[t]he probability of injury to defendants upon whom process is not served for a long time is particularly great." *Pearson* v. *Dennison,* 353 F.2d 24, 28 (9th Cir. 1965). With service (notification)

long delayed, the effect upon the defendant, should dismissal be refused, would be tantamount to singling him out and applying to him — and without warning — a seven-year limitation period when the Legislature has been content with a three-year statute in cases of this kind. We had occasion to make much the same point in *Brissette* v. *Crantz*, 23 Mass. App. Ct. 213, 216 n.4 (1986), where we said: "[W]hen, as here, there has been substantial delay . . . in making service after the [statutory] limitation period has expired, we think the judge may properly consider, along with other circumstances, the entire period — from incident to service — in ruling on a motion to dismiss." See also *Campbell* v. *Plavchak*, 21 F.R.D. 41 (E.D.Pa. 1957).[4] Counting in favor of dismissal in such cases are the policies supporting statutes of limitations, heightened by the fact that the specific statutory periods have been here long exceeded. One of those policies is to protect against difficulties and distortions in the proof of the historical facts that are likely to come about in the passage of time; and although it is possible that a defendant may be helped not hurt thereby, he should be relieved of the risk of being prejudiced in his defense, because it is the plaintiff who has procrastinated.

The firm, yet fair, enforcement of rule 41(b)(2) by trial judges has value in keeping up the muscle tone of court administration, cf. *Greenleaf* v. *Massachusetts Bay Transp. Authy.*, 22 Mass. App. Ct. 426, 429-430 (1986), and in reminding the Bar that "[a] lawyer shall not: . . . neglect a legal matter entrusted to him." S.J.C. Rule 3:07, DR 6-101(A)(3), 382 Mass. 783 (1981). True, the dismissal of a lawsuit may penalize the client for a fault of his attorney for which the client bears no true responsibility, but "this is an unavoidable side effect of the adversary system." *Corchado* v. *Puerto Rico Marine Management, Inc.*, 665 F.2d 410, 413 (1st Cir. 1981). We do

---

[4] The filing of a complaint within the statutory period of limitations ordinarily tolls the statute and if service is made within a reasonably short time thereafter the prejudice to the defendant is mitigated if not removed. In the present case, as in *Brissette,* we have the contrasting situation of lengthy delay with manifestly increased prejudice.

not go afield to consider when clients in such cases may have recourse against their attorneys.

*Judgment affirmed.*