Hurley, J.
This appeal is before us on report by the trial judge of his decision allowing a motion to dismiss brought pursuant to Dist./Mun. Cts. R. Civ. P., Rules 12 (b) (5) and 41 (b) (2). We affirm and dismiss the report.
The plaintiff is trustee of a trust owning real estate in the Town of Brookline. The plaintiff filed an application for exemption pursuant to Article XXXVIII (b) (5) of the By-Laws of the Town of Brookline, Rent and Eviction Control By-Law, on August 2, 1983. The defendant held a hearing on September 28, 1983. The defendant issued an order of denial of the certificate of exemption on October 12, 1983. This order was mailed on October 17, 1983. The docket reflects that the plaintiffs complaint was filed on November 22,1983. On April 22,1986, the plaintiff filed a motion to amend the complaint and an amended complaint. On or about May 2, 1986, the defendant was served with the complaint filed November 22,1983. On May 29,1986, the defendant moved to dismiss on the grounds of insufficiency of service of process under Dist./Mun. Cts. R. Civ. P., Rule 12 (b) (5) and failure to prosecute the case under Dist./Mun. Cts. R. Civ. P., Rule 41 (b) (2). After hearing, the trial judge dismissed the case without prejudice.
Dist./Mun. Cts. R. Civ. P., Rule 41 (b) (2) provides in part: “On motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute.. ..” The general rule of review in this kind of appeal is that “the view taken by the trial judge shall be upheld except when it is the result of‘arbitrary determination, capricious disposition, or whimsical thinking’ an ‘idiosyncratic choice.’ ” Hoch v. Gavan, 25 Mass. App. Ct. 550, 552 (1988) [quoting Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986) ].
The defendant was not served with a copy of the complaint until thirty months after the complaint had been filed in court. At argument, the trial court was informed that the hearing examiner who heard the case at the Board left the Board in late 1985 and that the tape recording of the hearing was no longer available and no transcript of the hearing had been prepared. The plaintiff contends that the defendant was not prejudiced by the delay in notifying the defendant of the petition for review of the 1983 decision because there exists a memorandum of October 4,1983 from the hearing examiner to the Board.
The trial judge made no specific finding of prejudice to the defendant. The protracted delay in the case provided ample basis for the trial judge to *124 determine that the defendant had been prejudiced by the delay. We do not substitute our judgment for that of the trial judge. Based upon the record before us, we can say that a “conscientious judge, acting intelligently could honestly have taken the view expressed by him.” Davis v. Boston Elevated Railway, 235 Mass. 482, 502 (1920).

Report dismissed.