FRANK J. FOLEY *vs.* THOMAS WALSH. No. 90-P-1417. October 16, 1992.
*Practice, Civil,* Service of process, Dismissal, Judicial discretion.

After being involved in an altercation on November 19, 1983, with Sergeant John LeBrasseur of the city of Lynn police department and Thomas Walsh, a State trooper, the plaintiff was tried and acquitted on charges of assault and battery on a police officer. On November 17, 1986, he filed a civil action in the Superior Court against Walsh and LeBrasseur and their respective employers, the Commonwealth and the city of Lynn, alleging several torts and deprivations of civil and constitutional rights. All of the defendants, except for Walsh, were served with process by May 12, 1987, and thereafter became engaged in various forms of pretrial discovery.

In November of 1987, the plaintiff propounded interrogatories to LeBrasseur and the Commonwealth which directly or indirectly sought to discover Walsh's home address. After the plaintiff filed an application in April of 1988 to default the Commonwealth for failure to answer the interrogatories, the Commonwealth, in November of 1988, objected, pursuant to G. L. c. 66A, § 2(*k*), to supplying the plaintiff with Walsh's residential address. The plaintiff, in August of 1989, sought further answers to the address interrogatory from the Commonwealth and moved to default LeBrasseur for failing to answer the interrogatories propounded to him. In November of 1989, LeBrasseur revealed only that Walsh had been assigned to the Essex County Drug Task Force at the time of the 1983 altercation. The plaintiff's motion seeking further answers from the Commonwealth was allowed on October 3, 1989. Prior to that time the plaintiff's attorney attempted on several occasions to have the Commonwealth reveal Walsh's residential address or accept service on behalf of Walsh. After the allowance of the motion to compel, counsel for the Commonwealth provided the plaintiff with Walsh's residential address in March, 1990, and Walsh was served with process on April 5, 1990. Thereafter, Walsh's motion to dismiss the plaintiff's case against him for lack of prosecution filed pursuant to Mass.R.Civ.P. 41(b)(2), 365 Mass. 804 (1974), was allowed after a nonevidentiary hearing. The judge noted that "whereas it appears that plaintiff was dilatory and it appears the Commonwealth furnished [Walsh's] business address service could have been accomplished. . . ." This appeal followed the allowance of a motion for the entry of final judgment against Foley.

Any intimation in the judge's notation that Walsh could have been served by leaving process at his business address is incorrect as matter of law. As Walsh acknowledges, service upon his employer at State police headquarters or a State police barracks would be insufficient. Nothing in Mass.R.Civ.P. 4(d)(1), 365 Mass. 734 (1974), suggests otherwise.[1] It is

---

[1]Massachusetts R.Civ.P. 4(d)(1) provides that service may be made "[u]pon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appoint-

established in decisions based upon the cognate Federal rule 4(d)(1) that leaving process at a defendant's place of employment does not satisfy the place of abode method of service. See *Bell* v. *Hosse,* 31 F.R.D. 181, 185 (M.D. Tenn. 1962) (police station is not "usual place of abode" under F.R.Civ.P. 4(d)(1)); *Gipson* v. *Bass River,* 82 F.R.D. 122, 125 (D.N.J. 1979); *Perez Lopez* v. *Mangome,* 117 F.R.D. 327, 328 (D.P.R. 1987).

There is authority for the proposition that "a judge in discretion may dismiss an action when . . . there has been long-extended inaction by the plaintiff and, on defendant's challenge, the plaintiff fails to come forward with a showing of reasonable excuse." *Hoch* v. *Gavan,* 25 Mass. App. Ct. 550, 552 (1988), citing *Bucchiere* v. *New England Tel. & Tel. Co.,* 396 Mass. 639, 642 (1986). See *Ahern* v. *Warner,* 16 Mass. App. Ct. 223, 228 (1983). However, the judge, in his brief notation, did not indicate that he grounded the dismissal on any theory of presumption of prejudice arising from the delay in service of process. Moreover, the cases which suggest that general formulation rest upon factual backgrounds of long periods of prosecutorial inactivity (six and one-half years in *Bucchiere* and three and one-half years in *Hoch*). Here, the record shows that the plaintiff made numerous attempts, at intervals of no more than one year, to obtain Walsh's residential address in order to effect service. Also, the judge's observation "that plaintiff was dilatory" indicates that his focus was on the issue of plaintiff's due diligence, "which, in the absence of extreme delay, must be balanced against the prejudice caused to the defendant." *School Comm. of Holyoke* v. *Duprey,* 8 Mass. App. Ct. 58, 60-62 (1979). See *Ahern* v. *Warner, supra* at 227-228; *Brissette* v. *Crantz,* 23 Mass. App. Ct. 213, 214-215 (1986). There is no indication in the record that the judge performed a balancing test or that the defendant produced any evidence of prejudice.

The judge rested his decision on two footings. One was incorrect as matter of law; the other was not substantiated sufficiently to bring it within the area of protected discretion safeguarding dismissals under Mass.R.Civ.P. 41(b)(2). See *Monahan* v. *Washburn,* 400 Mass. 126, 128 (1987). Accordingly, we vacate the judgment and the order allowing the motion to dismiss and remand the case to the Superior Court for a rehearing of the motion.[2]

*So ordered.*

*Bruce T. Macdonald* for the plaintiff.
*Joseph P. Kittredge* for the defendant.

---

ment or by statute to receive service of process. . . ." There is no indication in the record nor does the defendant claim that Walsh's employer was in any way authorized to receive service.

[2]The parties during oral argument indicated that they were aware of the promulgation of Mass.R.Civ.P. 4(j), as amended, 402 Mass. 1401 (1988), which requires service of a complaint on a defendant within ninety days of filing unless good cause for a delay is shown. They erroneously believed that the rule was inapplicable to this case. See *Hull* v. *Attleboro Sav. Bank, ante* 18, 25 (1992)(Mass.R.Civ.P. 4(j) is effective as to cases pending on July 1, 1988); Smith & Zobel, Rules Practice, Civil Rules 1-16 at 80 (Supp. 1992). Nothing contained herein is to be construed as preventing the defendant from pursuing dismissal under that rule.