Dougan, J.
This appeal is before us on report by the motion judge of her interlocutory ruling denying defendant’s motion to dismiss brought pursuant to Dist./ Mun. Cts. R. Civ. R., Rule 41(b) (2) and in allowing plaintiff’s motion to reconstruct the court file and motion to order defendant to provide pleadings and other documents. We affirm and dismiss the report.
Brenda Abramson (“Abramson”) filed the complaint in this action in Suffolk Superior Court on July 14, 1986, seeking recovery for personal injuries sustained on March 22, 1984, as a result of the negligent operation of a motor vehicle by Jane Hall (“Hall”).
On December 4,1986, a judge in Suffolk Superior Court ordered the case transferred to Boston Municipal Court, pursuant to the provisions of G.L.c. 231, §102C, as amended, and Rule 290 of the Rules of the Superior Court. The case was tried in the Boston Municipal Court, seated in Cambridge, on June 27, 1988. The decision in this case was taken under advisement by the court.
In January of 1989, the presiding judge died without issuing a decision. The original Boston Municipal Court file has never been found since the trial in the Boston Municipal Court.
On March 14, 1994, Abramson filed plaintiffs motion to reconstruct court file and a motion to order defendant to provide pleadings and other documents, together with an affidavit in support of these motions. On March 14, 1994, Hall filed defendant’s motion to dismiss for failure to prosecute. All three motions were heard by the Court on March 29, 1994, and were taken under advisement. On March 30, 1994, the Court allowed both of Abramson’s motions and denied Hall’s motion to dismiss.
On April 6, 1994, Hall filed defendant’s request for report of interlocutory ruling claiming to be aggrieved by the Court’s abuse of discretion in allowing plaintiff’s motion to reconstruct the court file and motion to order the defendant to provide pleadings and other documents and by the Court’s denial of defendant’s motion to dismiss for failure to prosecute.
On August 4, 1994, the court reported this case to the Appellate Division for determination.
Dist./Mun. Cts. R. Civ. R, Rule 41(b)(2) provides in part: “On motion of the defendant, with notice, the court may in its discretion, dismiss any action for failure of the plaintiff to prosecute...” The general rule of review in this ldnd of appeal is that “the view taken by the trial judge shall be upheld except when it is the result of ’arbitrary determination, capricious disposition, or whimsical thinking’ and / idiosyncratic choice.’” Hoch v. Gavan, 25 Mass. App. Ct. 550, 552 (1988) [quoting Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986)].
The record before us includes no specific factual findings made by the motion judge *7 as to her decision on any of the three motions. However, the plaintiffs affidavit attached to the report and marked as Exhibit D provided ample basis for the motion judge to make her determination on each of the three motions which are the subject of this report. On interlocutory matters in particular we do not substitute our judgment for that of the motion judge. Based upon the record before us, we can say that a “conscientious judge, acting intelligently could honestly have taken the view expressed by” her. Davis v. Elevated Railway, 235 Mass. 482, 502 (1920).
Report dismissed.