COMMONWEALTH vs. RUDOLPH FISHER.   March 9, 1983.   1. The owner
of the vehicle in which the defendant was found behind the wheel and
which had run into a parked car was equally available to the Com-
monwealth and to the defendant.   The case against the defendant for
driving under the influence of alcohol was strong, and thus the defendant,
rather than the Commonwealth, naturally would be expected to call the
owner as a witness to establish that somebody other than the defendant
was driving the car at the time of the collision (or at least to talk with her
to ascertain the name of the driver of the car who the defendant claims
was unknown to him).   In the circumstances, it was within the discretion
of the judge to allow the prosecuting attorney to question the defendant
on that point and to comment on it in his closing argument. See *Com-
monwealth* v. *Franklin*, 366 Mass. 284, 292-294 (1974); *Commonwealth*
v. *Niziolek*, 380 Mass. 513, 518-519 (1980).

2.   The questioning referred to above did not violate the defendant's
Fourteenth Amendment due process rights.   See *Niziolek, supra* at 521.
The case of *Doyle* v. *Ohio*, 426 U.S. 610 (1976), is of no assistance to the
defendant as no question was asked as to any post-Miranda silence.   See
*id.* at 618.

3.   We assume that it was improper for the prosecutor to argue (on the
basis of information the defendant admitted having), in addition to the
comments covered in part 1, that the defendant had "ample opportunity
to exonerate himself, if indeed he was [not] guilty."   The defendant's
challenge to the prosecutor's argument, however, was in the form of a re-
quest for an instruction which in relevant part read: "There has been
some mention made in the course of this trial, and in the closing
arguments, that the defendant was in possession of the name of the owner
of the car involved in this case.   I now firmly instruct you that you are not
in any way, to consider against a defendant his failure to investigate his
own case and, similarly, you are not, in any way to consider against a
defendant his failure to produce a witness or other evidence."

The judge was right in declining to honor that request, as in the con-
text of this case it did not correctly state the law.   See *Commonwealth* v.
*Niziolek, supra* at 519; *Commonwealth* v. *Happnie*, 3 Mass. App. Ct.
193, 197 (1975).   The judge chose to instruct the jury that the arguments
are not evidence as they "are merely intended to assist you in understand-
ing the evidence."   He instructed the jury that they were to apply the law
as he gave it to them.   He charged them on inferences and told them that
"you will draw those inferences from all of the testimony with respect to
the observations of the patrolman who made the arrest as well as the
testimony of the defendant who gave his account of his actions on the date
and at the time in question.   Such inferences should be considered with all
of the other evidence in reaching your verdict."   We regard those instruc-
tions as having cured any overreaching in the prosecutor's statement.

4. There is no merit to the defendant's claim that the judge erred when he told the jury in effect that they need not be concerned about the issue of public way, as the parties had agreed that the way was public. That agreement had been announced at the outset of the trial. Moreover, defense counsel in his closing had informed the jury that his client was drunk and "public way is not contested." See Liacos, Massachusetts Evidence 14 (5th ed. 1981).

*Judgment affirmed.*

*Hans R. Hailey* for the defendant.
*Linda M. Poulos,* Assistant District Attorney, for the Commonwealth.