DONNA M. SREBNICK *vs.* LO-LAW TRANSIT MANAGEMENT,
INC., & another.[1]

No. 89-P-169.

Middlesex. June 11, 1990. - July 24, 1990.

Present: DREBEN, FINE, & PORADA, JJ.

*Practice, Civil,* Waiver, Jury issues, Instructions to jury, Amendment,
Complaint. *Waiver. Negligence,* Bus, Burden of proof, Proximate cause.
*Laches. Limitations, Statute of.*

In an action for personal injuries sustained by the plaintiff when her auto-
mobile, while stopped at a traffic light, was struck in the rear by an-
other vehicle which, although unseen by the plaintiff, was thought to be
a bus owned and operated by the defendant, the judge's failure to cor-
rect his instructions to the jury, upon objection by the defendant, so as
properly to define negligence required a new trial on the negligence is-
sue, where review of the record indicated that, although ownership of
the bus was the principal issue tried, negligence had not been waived
but remained an issue on which the defendant had the right to a jury
finding on proper instructions; furthermore, where the jury, in answer-
ing a special question, presumed the defendant's negligence in its find-
ing of proximate cause, and where negligence and proximate cause
were closely intertwined, the causation issue was also to be presented to
the jury on retrial. [47-49]
On remand of a civil case for a new trial on the issue of negligence, the
defendant was to have the opportunity to raise by motion the issue of
the plaintiff's allegedly prejudicial delay in bringing her claim against
the defendant. [49-51]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 8, 1980.

A motion to amend the complaint, filed on September 8,
1987, was heard by *James J. Nixon,* J., and the case was

---

[1]Lowell Regional Transit Authority. By stipulation, the two defendants
were treated as a single party at trial and will be regarded as such for
purposes of this appeal.

tried before *Samuel M. Flaksman*, J., sitting under statutory authority.

*Francis X. Kiley* for Lo-Law Transit Management, Inc., & another.

*Richard J. Glynn* for the plaintiff.

FINE, J.   On a snowy morning in February of 1979, the plaintiff suffered injuries when her automobile, while stopped at a traffic light at an intersection in Somerville, was struck in the rear by another vehicle. She did not see what hit her. After the impact she saw a bus stopped 50 to 200 feet across the intersection from her vehicle. She observed the bus to be colored grey, silver and white, and, based upon her experience, she identified it as a Massachusetts Bay Transportation Authority (MBTA) bus. The plaintiff noticed the number "6166" in large white print at the right corner of the bus's rear window. She testified that she wrote down the number "6166" with a pencil and paper given to her by Harold West, the driver of a truck that had been traveling behind her. West had come to the plaintiff's assistance. West's testimony at trial was that he saw a bus leave a ramp leading from the McGrath highway, attempt to fit between the plaintiff's car and an island in the road, and strike the plaintiff's car. West also described the bus as an MBTA bus. He too saw the number "6166" on the rear window of the bus and wrote it down on a piece of paper. The plaintiff and West waited for a few minutes for the driver of the bus to come over to them. The driver did not disembark, however, and the bus quickly drove off.

The plaintiff brought a negligence action against the MBTA in the Superior Court on February 8, 1980. On September 8, 1987, the plaintiff filed a motion to amend her complaint to add Lo-Law Transit Management (Lo-Law) as a defendant. The motion was allowed on September 9, 1987. Lo-Law had received no notice of the motion and was not present at the hearing. Lo-Law first learned of the claim when it was served with a summons on September 15, 1987.

The case was tried before a jury in February of 1988. There was evidence that the MBTA had sold bus number

6166 to Lo-Law on January 9, 1978, and that on the date of the accident the bus was in Lo-Law's control. It was regularly operated, however, only in the Lowell area. The jury answered special questions as follows: Lo-Law, not the MBTA, owned and controlled the bus at the relevant time; Lo-Law was causally negligent in its operation of the bus; and the plaintiff's damages were $45,000. Judgment entered accordingly, and Lo-Law appealed.

We agree with Lo-Law's contention that the trial judge improperly made remarks during his instructions which had the effect of taking the negligence issue from the jury. We, therefore, order a new trial on the issue of Lo-Law's negligence. We also agree that, although improper in form, Lo-Law's attempt to raise the issue of the plaintiff's allegedly prejudicial delay in bringing the claim against Lo-Law was worthy of consideration. On remand, therefore, that issue may be heard.

1. *The negligence issue was not waived.* Lo-Law denied in its answer that it was negligent, and negligence was never expressly conceded. The plaintiff, therefore, had the burden of proving Lo-Law's negligence by a fair preponderance of the evidence. Although the principal issue at trial was ownership of the bus, there was testimony, both on direct and in cross-examination, from both the plaintiff and West about the accident, the extent of their particular observations, and the road and weather conditions. As Lo-Law denied that one of its buses was involved in the accident and claimed that its buses only operated in the Lowell area, it is understandable that, apart from the occurrence of the accident, there was no direct evidence that Lo-Law's operator was *not* negligent. Lo-Law's closing argument focused on the ownership issue; negligence was not discussed. Lo-Law presented requests for jury instructions relating to negligence, however, and a special verdict question was posed on the issue of negligence without objection from the plaintiff.

The judge in his instructions did not define negligence for the jury. On the contrary, he said to the jurors: "[S]omeone was careless here . . . . There is no evidence to the contrary,

the fact that someone was not careless." The defendant made a timely objection.

The issue on appeal is whether negligence was a live issue at trial or whether, on the other hand, it had been impliedly waived as a result of the way in which the trial was conducted. See *Dalton* v. *Post Publishing Co.*, 328 Mass. 595, 598-599 (1952); *O'Donnell* v. *Bane*, 385 Mass. 114, 120-121 (1982). If negligence was a live issue, surely the failure of the judge to define negligence in terms of reasonableness in the circumstances and to emphasize the plaintiff's burden of proof on that issue were not harmless. While the evidence of negligence was considerable, the plaintiff had not seen a bus before she felt the impact, and the jurors were not obliged to believe West's version of the accident. On the basis of our review of the trial as a whole, we think negligence, although not the principal issue tried, remained an issue in the case on which Lo-Law had the right to a jury finding on proper instructions. See *Mahoney* v. *Gooch*, 246 Mass. 567, 571 (1923); *Horowitz* v. *Bokron*, 337 Mass. 739, 745-746 (1958).

No case of which we are aware compels a decision to the contrary. In *Dalton* v. *Post Publishing Co.*, 328 Mass. at 598-599, relied upon by the plaintiff, a party complained of a judge's failure to instruct the jury on a theory which had been pleaded. An implied waiver of the theory was found because the case had been tried on an inconsistent theory and because the judge, during trial, had made a statement of the issues he believed were being tried, and the statement, which was consistent with his instructions, was unchallenged. In *O'Donnell* v. *Bane*, 385 Mass. at 120-121, the theory found to have been impliedly waived had not been pleaded, and no objection had been taken to instructions omitting reference to that theory.

In the present case, apart from the failure of Lo-Law's attorney to argue the negligence issue, nothing occurred at trial which could have led the judge reasonably to believe the issue was waived. In our view, the judge's failure to correct his instructions upon objection entitles Lo-Law to a new trial on the negligence issue. Because the finding of proximate cause

presumed negligence, and because negligence and proximate cause are so closely intertwined, the causation issue should also be presented again to the jury.

2. *On remand, the issue of prejudicial delay should be considered.* Lo-Law received notice of the plaintiff's claim for the first time seven and one-half years after the plaintiff brought this action against the MBTA and eight and one-half years after the accident, following allowance of the plaintiff's motion to amend her complaint, pursuant to Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), to add Lo-Law as a defendant. As grounds for the motion, she stated that she had only recently received discovery documents from the MBTA indicating that Lo-Law had owned and operated the bus involved in the accident on the relevant date. The MBTA assented to the motion, and it was allowed by a judge although Lo-Law, the only party with an interest in opposing it, had received no notice and was not heard. Lo-Law did not attempt to raise the issue of the propriety of the allowance of the motion to amend by means of its own pretrial motion, but, instead, it pleaded the affirmative defense of laches in its answer.

After the jury were impanelled, Lo-Law's laches defense was discussed at a sidebar conference. The judge firmly refused to permit Lo-Law's attorney to refer to it at trial. Later in the trial, still precluding discussion of the defense, the judge stated that it should have been raised before trial by a motion to dismiss.

The form in which Lo-Law sought to raise the issue was not correct. A judge may find as a fact that laches exists if there has been unjustified, unreasonable, and prejudicial delay in raising a claim. See *Stewart* v. *Finkelstone*, 206 Mass. 28, 36 (1910); *Norton* v. *Chioda*, 317 Mass. 446, 452 (1945). Laches is available, if affirmatively pleaded, as a defense to a claim that is equitable in nature. See *Cohen* v. *Bailly*, 266 Mass. 39, 48-49 (1929); *Albano* v. *Puopolo*, 309 Mass. 501, 509-510 (1941); *Three Sons, Inc.* v. *Phoenix Ins. Co.*, 357 Mass. 271, 278 (1970). It is not generally available as a defense to a legal claim. As long as there is no statute of

limitations problem, unreasonable delay in pressing a legal claim does not, as a matter of substantive law, constitute laches. See *Cohen* v. *Bailly*, 266 Mass. at 48-49; *Bedford Heating & Air Conditioning Co.* v. *Milano*, 6 Mass. App. Ct. 898 (1978); Smith & Zobel, Rules Practice § 8.17 (1974).[2]

The plaintiff's tort claim is legal, not equitable, in nature. Moreover, the claim was not barred by the statute of limitations as, under Mass.R.Civ.P. 15(c), 365 Mass. 762 (1974), the amendment adding Lo-Law was deemed to relate back to the date the original complaint was filed. The trial judge properly ruled, therefore, that the laches defense was out of order. However, the decision whether to allow an amendment under rule 15(a) lies within a judge's discretion, see *Jones* v. *Wayland*, 380 Mass. 110, 114-115 (1980); *Wolfe* v. *Ford Motor Co.*, 6 Mass. App. Ct. 346, 353 (1978), *S.C.*, 386 Mass. 95 (1982); *Parkman Equip. Corp.* v. *S.A.S. Equip. Co.*, 14 Mass. App. Ct. 938, 940 (1982), and Lo-Law was entitled to be heard at some time on the question whether discretion ought to have been exercised against adding Lo-Law as a party in light of the fact that it was brought into the case without prior notice long after the accident and the running of the statute of limitations.

Although generally amendments are liberally allowed, and "the expiration of the period of the statute of limitations [is] a reason for allowing the addition or substitution of a new defendant, rather than a reason for not allowing the amendment[,]" *Bengar* v. *Clark Equip. Co.*, 401 Mass. 554, 556 (1988), a judge may prevent a plaintiff from adding a defendant based upon considerations of unjustified delay, bad faith, or undue prejudice. See *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 290 (1977); *United States Leasing Corp.* v. *Chicopee*, 402 Mass. 228, 233 (1988);

---

[2]Smith and Zobel state that the merger of law and equity has not affected the substantive rule making laches inapplicable to an action at law. *Ibid.* Procedurally, of course, equitable defenses may be raised in actions at law. See Reporters' Notes to Mass.R.Civ.P. 2, Mass. Ann. Laws, Rules of Civ.P. at 21 (Law. Co-op. 1982). Compare G. L. c. 231, § 31, as inserted by St. 1973, c. 1114, § 164.

*Barbosa* v. *Hopper Feeds, Inc.*, 404 Mass. 610, 621 (1989); *Christopher* v. *Duffy*, 28 Mass. App. Ct. 780, 784 (1990). Thus, essentially the same issue Lo-Law sought to raise by way of its laches defense could have been raised in a different form.

The Massachusetts Rules of Civil Procedure do not set forth the precise way in which the issue should be raised in an action at law. In the past, defendants belatedly brought into litigation without notice have raised the issue of the propriety of the allowance of a motion to amend by a variety of pretrial motions. See, for example, *Wadsworth* v. *Boston Gas Co.*, 352 Mass. 86, 88 (1967) (motion to dismiss); *Bengar* v. *Clark Equip. Co.*, 401 Mass. at 555 (motion for reconsideration of the allowance of the motion to amend). The preferable practice would be for a party seeking to add a new party to give the proposed new party notice of the motion to amend so that the new party would have the opportunity to file an opposition and request a hearing. See rule 9A of the Superior Court, as amended, effective January 31, 1990. If no such notice is given, it is certainly preferable for the issue of the propriety of the allowance of a motion to amend to add a party to be raised promptly before a judge and, in any event, before trial.

There are reasons in the present case, in addition to the lack of clear guidance in the rules, why we think Lo-Law should have the opportunity to raise the issue of prejudicial delay by motion on remand to the trial court before retrial of the negligence issue. Lo-Law's answer provided notice of its intention to raise the issue; the trial took place only five months after Lo-Law was added as a party; and, as a result of this appeal, the opportunity still exists for a hearing before a judge of the trial court on the question of prejudicial delay.[3]

---

[3]Lo-Law raises several other issues which do not merit extended discussion. It contends that the judge erred in admitting certain evidence relating to the ownership of bus number 6166. However, counsel for Lo-Law essentially stipulated to ownership in the course of his closing argument. He said: "If you want to waste your time going through the other exhibits regarding transfer of ownership or these records that the MBTA — feel

Accordingly, the judgment, and so much of the jury's verdict as established negligence on the part of Lo-Law and proximate cause, are vacated. The special jury verdict, insofar as it established that the bus belonged to Lo-Law, not the MBTA, and the amount of the plaintiff's damages, may stand. The case is remanded to the Superior Court for further proceedings in accordance with this decision.

*So ordered.*

---

free to do it. I stipulate to you, and I agree, bus number 6166 — that bus number was in control of Lo-Law on that day in Lowell." Counsel's admission is binding on Lo-Law. See *Lucia* v. *Water & Sewer Commrs. of Medford,* 332 Mass. 468, 470 (1955); *Commonwealth* v. *Fisher,* 15 Mass. App. Ct. 957, 958 (1983); Liacos, Massachusetts Evidence 14 (5th ed. 1981). Compare *Beaumont* v. *Segal,* 362 Mass. 30, 32 (1972); *Shamrock Liquors, Inc.* v. *Alcoholic Bevs. Control Commn.,* 7 Mass. App. Ct. 333, 334-335 (1979). There was sufficient evidence of the identity of the bus to overcome Lo-Law's motion for directed verdict. Finally, there was no reversible error in the judge's denial of certain requests for instructions.