Fremont-Smith, J.
After consideration of the mem-oranda and other documents filed by the parties and oral argument, the motions of David Tee, M.D. and Mark Berenson, M.D. to dismiss the amended complaint are allowed.
Although a motion to amend is to be liberally allowed where justice so requires, this Court “may prevent a plaintiff from adding a defendant based upon considerations of unjustified delay, bad faith, or undue prejudice.” Srebnick v. Lo-Law Transit Management, Inc., 29 Mass.App.Ct. 45,50 (1990). Where, as here, theprospec- *627 tive new defendants were not served with the motion to amend so as to give them an opportunity to oppose it, they may do so by way of a prompt motion to dismiss after the motion to amend has been allowed. Id. 51.
Here, plaintiffs injuries were suffered on October 11-12, 1988, and the malpractice suit was filed exactly three years later, i.e., on October 11, 1991, against the original defendants. Then, although plaintiffs counsel admits that he received plaintiffs complete medical records sometime between October 1991 and March 1992, plaintiff waited until December 30, 1992 to move to amend the complaint to add doctors Tee and Berenson as defendants. Then, although the motion to amend was allowed by this Court (Spurlock, J.) on March 4, 1993 (without any prior notice to the doctors) and the docket indicates that “notices [were] sent” on the same day, the amended complaint was never served on the doctors for more than eleven months (until December 20, 1993), in clear contravention ofM.R.C.P., Rule 4(J) (which requires that service be made within ninety days). Although plaintiffs counsel asserts that he did not learn of the allowance of the motion to amend until November 1993, when he finally telephoned the clerk’s office to inquire, it appears likely that his office had overlooked or misplaced the notice sent out by the clerk on March 4,1993, which all other counsel, at least, duly received. In the circumstances this Court does not consider that plaintiff has shown “good cause” for the delay.[1]
As a result, doctors Tee and Berenson are now faced with the prospect of defending alleged misconduct which occurred six years ago, and the Court is being asked to convene, at this late date, a new malpractice tribunal and then to permit an entirely new round of discovery as it relates to the new defendants.
As plaintiffs delay in this case, first in seeking leave to file, and then in serving, the amended complaint, appears to be unjustified and unreasonable, and as the doctors Tee and Berenson would be clearly prejudiced in being required, at this late date, to defend this lawsuit, this Court, in the exercise of its discretion, hereby allows their motions to dismiss the amended complaint.

 though this court, in December 1993, allowed plaintiffs motion to extend the time for service of the amended complaint, this motion, like the motion to amend, was filed without notice to the doctors or providing them with any opportunity to object.