Coven, J.
After more than eight years had passed between docket entries in this case, the case was dismissed. The plaintiff has appealed that dismissal. We affirm.
This action was filed on September 1, 2000 against the defendant for personal injuries and property damage arising out of a motor vehicle accident that occurred *139 on September 5,1997. An amended complaint was filed on October 26,2000, and the defendant answered on November 16, 2000. The trial court docket reflects that on April 1,2002, a motion to consolidate was filed. No additional docket entry was then made until May 21,2010, more than eight years later. On that date, plaintiffs successor counsel filed an appearance as well as a motion to reactivate the case and schedule a pretrial conference. The docket sheet does not reflect that judgment was ever entered. According to the motion judge’s findings, the motion to reactivate was filed on April 17, 2010, and allowed on May 21, 2010. On June 9, 2010, defendanf s counsel of record filed a notice of withdrawal, and successor counsel filed an appearance. On June 18, 2010, defendant’s successor counsel moved for reconsideration of the courf s allowance of the motion to reactivate the case and, independent of the reconsideration motion, also requested that the case be dismissed. On November 2,2010, the same judge who had allowed plaintiff’s motion to reactivate the case, reconsidered his ruling and dismissed the action.
Both the undisputed evidence and the motion judge’s findings, which are uncontested, indicate that counsel who had filed the complaint on behalf of the plaintiff notified defendant’s counsel on April 8, 2002 that the case would be stayed because the plaintiff had filed a petition for bankruptcy. Plaintiff’s bankruptcy was discharged on December 27, 2001, and ordered and recorded as closed on June 12, 2002.[1] On October 4, 2005, plaintiff’s first successor counsel initiated contact with defendant’s insurer in a letter stating plaintiff’s intention to reopen[2] the case. The letter was referred by defendants insurer to defendants successor counsel. On November 3, 2005, defendant’s successor counsel sent to plaintiff’s first successor counsel a letter requesting the forwarding of a copy of counsel’s file, including pleadings, discovery, and other court filings. The requested material was forwarded on November 22, 2005. The motion judge found that defendant’s successor counsel contacted the court on or about December 14, 2005, and was informed that the case had been closed. On April 17, 2010, plaintiff’s present successor counsel filed the motion to reactivate the case and schedule a pretrial conference. According to the judge’s findings, the motion was allowed on May 21, 2010 because no party appeared in opposition to the motion.
In support of her motion for reconsideration, the defendant argued that her failure to oppose the plaintiff’s motion was due to plaintiff’s counsel’s failure to send notice of the motion to her successor counsel. The motion judge rejected, however, the defendant’s assertion that because plaintiff’s successor counsel had notice of defendanf s successor counsel’s involvement, but sent notice of the motion hearing to defendant’s original counsel, the allowance of the motion to reinstate should be *140 reversed. The judge found that plaintiff’s counsel properly noticed defendant’s original counsel because neither that counsel, nor defendant’s successor counsel, had filed a notice of appearance or withdrawal with the court.[3]
The defendant also argued that the case should be dismissed based on the doctrine of laches because of the prejudice to a defendant resulting from a lengthy delay in the prosecution of a case. The plaintiff argued that the case had been stayed by agreement of the parties because of the plaintiff’s bankruptcy petition. The motion judge rejected the plaintiff’s contention, concluding that there had been no agreement to stay the proceedings. The judge also found fault with the plaintiff for having failed first, to notify the court of his bankruptcy petition, and second, to move for reactivation of the case after the termination of the bankruptcy proceedings.
Based on the length of inactivity in the case, the motion judge found that the defendant properly raised a laches defense, and that the defendant was prejudiced by the delay because it “worked to a disadvantage to the Defendant in producing witnesses and discovery.” The judge also concluded that the case had been dismissed pursuant to Mass. R. Civ. P., Rule 41(b) (1) and District Court Joint Standing Order 1-04, §V, but did not specify the date of that dismissal. Finally, the judge determined that the record did not disclose an “excuse for the plaintiff’s delay in prosecuting” the case.
1. Laches. “A finding of laches is possible if there is an ‘unjustified, unreasonable, and prejudicial delay in raising a claim.’” Weston Forest & Trail Ass’n, Inc. v. Fishman, 66 Mass. App. Ct. 654, 657 (2006), quoting Srebnick v. Lo-Law Transit Mgt., Inc., 29 Mass. App. Ct. 45, 49 (1990). “Laches is available, if affirmatively pleaded, as a defense to a claim that is equitable in nature.” Srebnick, supra. It “is not generally available as a defense to a legal claim. As long as there is no statute of limitations problem, unreasonable delay in pressing a legal claim does not, as a matter of substantive law, constitute laches.” Id. at 49-50.
In this case, the plaintiff presented legal claims only, and commenced suit timely, within the three-year statute of limitations. G.L.c. 260, §2A. The claims arose on September 5,1997, and suit was filed on September 1, 2000. The defendant’s assertion of prejudice based on a theory of laches is inapplicable to these facts.
2. Lack of Prosecution. It is undisputed that there was no activity on the docket of this case for more than eight years. The judge made a finding that the case had been dismissed pursuant to Mass. R. Civ. R, Rule 41(b)(1), but did not specify a date of dismissal. Rule 41(b) (1) provides that a court may “on notice... in its discretion, dismiss for lack of prosecution any action which has remained upon the docket for three years preceding said notice without any activity shown other than [events here *141 not relevant].” The notice required under the rule must “be mailed to the plaintiff’s attorney of record” and state that “the action will be dismissed on a day certain (not less than one year from the date of the notice) unless before that day the case has been tried, heard on the merits, otherwise disposed of, or unless the court on motion with or without notice shall otherwise order.” There is no evidence that the plaintiff was ever notified by the court, much less properly, that this case was to be dismissed pursuant to Rule 41(b) (l).[4]
The motion judge also referenced the dismissal of the case pursuant to District Court Joint Standing Order 1-04, §V. The reference is inapplicable. By its terms, §V governs the dismissal of cases where there has been no “timely service of the complaint or no timely action upon default.”
Although the motion judge’s reference is inapplicable, his conclusion that the record did not disclose an “excuse for the plaintiff’s delay in prosecuting” correctly indicates that beyond laches, there existed a basis to dismiss this long dormant case. As we read the record and the judge’s rulings, two issues were presented. The first was whether the allowance of the motion to reactivate the case should be reversed on principles of due process. See generally Beit v. Probate & Family Court Dep’t, 385 Mass. 854, 861 (1982) (action taken by court without fair notice may violate due process). The second issue was whether the defendant’s motion to dismiss should have been allowed, notwithstanding a decision on the due process issue adverse to the defendant. The second issue did not involve the court’s own authority pursuant to Rule 41 (b) (1), but instead was the defendant’s own request for dismissal in lieu of having the case returned to its previous status of having been dismissed, perhaps erroneously, under Rule 41(b) (1). Given the defendant’s request for dismissal, it is Rule 41(b) (2) that controls. We treat the motion according to its obvious character. Ahern v. Warner, 16 Mass. App. Ct. 223, 225 (1983).
Pursuant to Rule 41(b) (2), “[o]n motion of the defendant, with notice, the court may, in its discretion, dismiss any action for failure of the plaintiff to prosecute....” The Appeals Court explained Rule 41(6) (2) discretion in Hoch v. Gavan, 25 Mass. App. Ct. 550 (1988), stating:
Where rule 41 (6) (2) speaks of the courfs discretion, what is intended is that, as in other matters of case-management, the view taken by the trial judge shall be upheld except when it is the result of ‘arbitrary determination, capricious disposition, or whimsical thinking’ — an ‘idiosyncratic choice.’ Bucchiere v. New England Tel. & Tel. Co., 396 Mass. 639, 641 (1986) (adopting the quoted language from other authority). At the same time the judge is admonished to keep in mind that dismissal of an action is serious business, see Monahan v. Washburn, 400 Mass. 126, 128 (1987); it has all the finality of a hanging.
The opinion in Bucchiere, supra, indicates that a judge in discretion may dismiss an action when in the course of the litigation there has been long-extended inaction by the plaintiff and, on defendant's challenge, the plaintiff *142 fails to come forward with a showing of reasonable excuse. See Bucchiere at 642, citing Moore v. Telfon Communications Corp., 589 F.2d 959, 967 (9th Cir. 1978), which takes that position. See also Ahern v. Warner, 16 Mass. App. Ct. 223, 228 (1983). It is in this sense that one can speak of a ‘presumption’ of amenability to dismissal arising from protracted neglect on the part of a plaintiff. See Moore, supra at 967-968; Washington v. Walker, 734 F.2d 1237, 1238-1239 (7th Cir.1984).
Id. at 552.
We conclude that the motion judge was fully warranted in finding that there was no agreement to stay the proceedings and that the record, “[mjoreover,” did not disclose an “excuse for the plaintiffs delay in prosecuting” the case. The standards of Rule 41(b) (2) were properly applied. The plaintiff failed to prosecute this action for more than eight years without excuse. “We do not substitute our judgment for that of the judge, and we cannot say ‘that no conscientious judge, acting intelligently, could honestly have taken the view expressed by him.’” Brissette v. Crantz, 23 Mass. App. Ct. 213, 215 (1986), quoting Davis v. Boston Elevated Ry., 235 Mass. 482, 502 (1920).
Judgment of dismissal affirmed.
So ordered.

 Because the record does not include the defendant’s answer to the complaint, we are unaware what, if any, counterclaims were filed by the defendant. A claim filed by a debtor against a third party would not appear to be subject to the automatic stay provisions of the United States Bankruptcy Code; a claim filed against a debtor who files a bankruptcy petition would be subject to the automatic stay provision. See 11 U.S.C. §362.

 The motion judge in his ruling uses the word “reinstate.” The letter referred to by the judge uses the word “reopen.”

 The motion judge made note that the “case has a history of inconsistencies of successor attorneys on both sides with no consistent record of either side showing notices of appearance that had been filed and recorded on the court docket, to establish appearance of new counsel or withdrawal of counsel.” Rule 11 (d) of the Mass. R. Civ. P. requires a party to notify the court of a change of appearance of counsel. Until the notice of change of appearance is filed, the rule allows a party to “rely on action by, and notice to, any attorney previously appearing.” The defendant did not file a cross appeal of the judge’s conclusion.

 The record does not indicate whether defendant’s successor counsel, having been notified of the closure of the case on December 14, 2005, informed plaintiff’s counsel.