Christopher Schoonover was the Vice President of Burnell Controls, Inc., until late 2019. He also owned stock in Burnell, which is a closely-held company. Schoonover claims that Burnell breached contractual obligations to repurchase his shares for fair market value and to repay money that Schoonover had loaned to the company. Burnell has asserted counterclaims alleging that Schoonover breached his fiduciary duty of loyalty to the company by working for a competitor (Edge Automation, LLC) while still owning Burnell stock
Burnell seeks leave to amend its answer to add nine additional counterclaims against Schoonover and eight new third-party claims against Edge, based on allegations that Schoonover began working with or for Edge while he was still employed by Burnell, and that during that time Schoonover gave Edge access to or provided Edge with copies of trade secrets that belong to Burnell.
The Court will deny the motion to amend because the proposed new counterclaims and third-party claims would be futile. The additional counterclaims against Schnoonover are time-barred. The third-party claims against Edge are not permitted because they are not for indemnification or contribution. Though the proposed amended answer would also add additional affirmative defenses, Burnell presents no argument as to why they are needed and appropriate.
1. Futility—Legal Standards. A request to amend a pleading may be denied on grounds of futility. “Courts are not required to grant motions to amend prior complaints where ‘the proposed amendment ... is futile.’ ” Johnston v. Box,  453 Mass. 569, 583 (2009), quoting All Seasons Servs., Inc. v. Commissioner of Health & Hosps. of Boston, 416 Mass. 269, 272 (1993)). The same is true with respect to proposed amendments of answers to add counterclaims or third-
 
                                                            -1-
 
party claims. See Thermo Electron Corp. v. Waste Mgmt. Holdings, Inc., 63 Mass. App. Ct. 194, 203 (2005) (affirming denial of motion to add new counterclaim as futile); Keville v. McKeever, 42 Mass. App. Ct. 140, 149 (1997) (same).
A proposed amendment to a pleading would be futile if the new or revised claims or counterclaims could not a survive motion to dismiss. Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 572 (2004) (affirming denial of motion to amend). To survive a motion to dismiss under Mass. R. Civ. P. 12(b)(6), a complaint or counterclaim must allege facts that, if true, would “plausibly suggest[] … an entitlement to relief.” Lopez v. Commonwealth, 463 Mass. 696, 701 (2012), quoting Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).
A proposed amendment would also be futile if it could not survive a motion for summary judgment. “Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.” Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).[1] Although Cockrell and the cases cited in the preceding footnote were all decided under the federal rules of civil procedure, the same principle applies here. See generally Smaland Beach Ass’n, Inc. v. Genova, 461 Mass. 214, 228 (2012) (judicial construction of federal rules of civil procedure applies to parallel Massachusetts rules, “absent compelling reasons to the contrary or significant differences in content” (quoting Strom v. American Honda Motor Co., 423 Mass. 330, 335 (1996), and Rollins Envtl. Servs., Inc., v. Superior Court, 368 Mass. 174, 180 (1975)).
2. Proposed Counterclaims. The Court will deny the motion to amend to the extent that Brunell seeks to add more counterclaims against Schoonover because doing so would be futile. The proposed new counterclaims are all time- barred because deposition testimony by Thomas Burnell—who is the CEO of Burnell Controls and testified as the company’s Rule 30(b)(6) designee— establishes that Burnell had actual knowledge more than four years before this civil action was filed that Schoonover had repudiated his fiduciary obligation of loyalty by engaging in the conduct giving rise to the new claims.
 
--------------------------------------------
 
[1] Accord, e.g., Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66,  71 (1st Cir. 1995); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); Steinburg v. Chesterfield County Planning Comm’n, 527 F.3d 377, 390-391 (4th Cir. 2008); King v. East St. Louis School Dist. 189, 496 F.3d 812, 819-820 (7th Cir. 2007); Watson v. Beckel, 242 F.3d 1237, 1239-1240 (10th Cir 2001).
 
                                                            -2-
 
Schoonover filed this action in Essex County on June 13, 2024. The case was recently transferred to the Business Litigation Session in Suffolk County and assigned a new docket number.[2]
Burnell’s proposed new counterclaims are all subject to statutory limitations periods of four years or less. The proposed counterclaim under the Federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962) is subject to a four-year limitations period. See Agency Holding Corp. v. Malley- Duff & Assocs., Inc., 483 U.S. 143, 156 (1987). The other proposed new counterclaims are all subject to three-year limitation periods. See G.L. c. 93, § 42E (Massachusetts Uniform Trade Secrets Act); 18 U.S.C. § 1836(d) (Federal Defend Trade Secrets Act); 18 U.S.C. § 1030(g) (Federal Computer Fraud and Abuse Act); G.L. c. 260, § 2A (tort claims).[3]
As a stockholder of a closely-held corporation, an officer of the company, and a high-level employee holding a position of trust and confidence, Schoonover owed Burnell a fiduciary duty of loyalty. See Koshy v. Sachdev, 477 Mass. 759, 772 (2017) (shareholders in closely-held corporation owe fiduciary duties to each other and to corporation itself); In re Barrett, 447 Mass. 453, 464 (2006) (officers, directors, and senior executives owe fiduciary duty to corporation); Chelsea Industries, Inc. v. Gaffney, 389 Mass. 1, 11 (1983) (employee who occupies a position of trust and confidence owes fiduciary duty to employer).
 
--------------------------------------------
 
[2] The original Essex County docket number for this case was 2477CV00589.
[3] The three-year limitations period under G.L. c. 260, § 2A, applies to Burnell’s proposed counterclaims for fraud, unjust enrichment, conversion, breach of fiduciary duty by diverting corporate opportunity, and civil conspiracy.
The proposed counterclaim for unjust enrichment is based on allegations that Schoonover breached his fiduciary duties by working for Burnell and Edge at the same time. Since the “gist of the action” sounds in tort, the three-year limitations period applies. Massachusetts Housing Opportunities Corp. v. Whitman & Bingham Assocs., P.C., 83 Mass. App. Ct. 325, 330 (2013), quoting Anthony’s Pier Four, Inc. v. Crandall Dry Dock Engrs., Inc., 396 Mass. 818, 823 (1986); accord Sacks v. Dissinger, 488 Mass. 780, 791 n.14 (2021) (indicating in dictum that § 2A applies to “an unjust enrichment claim predicated on tortious conduct); Monteferrante v. Williams-Sonoma, Inc., 241 F.Supp.3d 264, 270 n.1 (D.Mass. 2017) (Wolf, J.) (applying three-year limitations period to unjust enrichment claim that sounded in tort); Cambridge Literary Properties, Ltd. v. W. Boebel Porzellanfabrik G.m.b.H. & Co. Kg., 448 F.Supp.2d 244, 262–263 (D.Mass. 2006) (Gertner, J.) (same).
 
                                                            -3-
 
As a result, the proposed new counterclaims did not accrue until Burnell had actual knowledge that Schoonover had repudiated and was violating his fiduciary duty of loyalty.
A fiduciary has an affirmative duty to disclose adequate information to alert the person to whom the duty is owed of any wrongdoing by the fiduciary. See Patsos v. First Albany Corp., 433 Mass. 323, 329 (2001). As a result, “[w]here a fiduciary relationship exists” at the time of the alleged misconduct, as in this case, “the failure adequately to disclose the facts that would give rise to knowledge of a cause of action constitutes fraudulent conduct and is equivalent to fraudulent concealment.” Hays v. Ellrich, 471 Mass. 592, 602 (2015), quoting Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 519 (1997).
“[W]here a fiduciary relationship exists, G.L. c. 260, § 12, tolls the applicable statute of limitations until the plaintiff has actual knowledge of either the harm or the fiduciary's implicit or explicit repudiation of his or her obligations.” Passatempo v. McMenimen, 461 Mass. 279, 295 (2012). A “repudiation” is a “definitive expression of an intention” not to honor one’s fiduciary obligations to a beneficiary. Lattuca v. Robsham, 442 Mass. 205, 214 (2004); accord Coviello v. Richardson, 76 Mass. App. Ct. 603, 609 (2010) (“repudiation” is a “definite and unequivocal manifestation of intent” not to comply with one’s legal obligations) (quoting Hammond v. T.J. Litle & Co., 82 F.3d 1166, 1178 [1st Cir. 1996]). For example, where a person stands in a fiduciary relationship to a corporation, a cause of action against that person accrues once the corporation has actual knowledge that they violated and thereby repudiated their fiduciary obligations. Demoulas, 424 Mass. at 517–521.
“This does not mean that the limitations clock begins only when the plaintiff understands that she has a legal claim, that is, when she realizes that the defendant has violated a law that entitles her to sue to recover damages.” Hays, 471 Mass. at 602. “Rather, the clock begins when the plaintiff has ‘actual knowledge’ of the wrong committed by the fiduciary, rather than ‘knowledge of the consequences of that [wrong] (i.e., a legal claim against the fiduciary).’ ” Id., quoting Doe v. Harbor Schools, Inc., 446 Mass. 245, 256–257 (2006)
Burnell’s CEO has acknowledged that he had actual knowledge of Schoonover’s repudiation of his fiduciary duties in late 2019. Thomas Burnell admitted under oath that as of December 2019 he knew that: Schoonover was working for Edge at the same time he was working for Burnell; Schoonover had instructed a Burnell employee to set up a laptop and allow Edge to connect to
                                                            -4-
 
it remotely; and, by doing so, Schoonover was allowing Edge to access Burnell’s computer system and copy all financial and other information that Burnell saved on its system or through QuickBooks, including its proprietary “estimating program.” Mr. Burnell testified that when he learned these things he “was so pissed” and “unplugged the fricking laptop.”
In other words, Burnell has admitted to having actual knowledge in late 2019 that Schoonover had repudiated his fiduciary duties by misappropriating what Burnell contends were trade secrets or other confidential and proprietary information, permitting a competitor to access Burnell’s computer system and financial records, and working for or with a competitor while still employed by Burnell. All of the proposed new counterclaims therefore accrued at that time.
The Court assumes without deciding that the proposed new counterclaims would all relate back to the date that Schoonover filed this action.
Since Schoonover filed his complaint on June 13, 2024, and the proposed new counterclaims accrued well over four years before that date, all of those counterclaims are time-barred. It would therefore be futile for Burnell to amend its answer to add those counterclaims.
3. Proposed Third-Party Claims. The Court will deny the motion to amend to the extent that Brunell seeks to add new third-party claims against Edge Automation, LLC, because doing so would also be futile.
The Court would not permit Burnell to add claims against Edge without first giving Edge the opportunity to be heard. The proper procedure for seeking leave to add claims against a new party is “to give the proposed new party notice of the motion to amend so that the new party would have the opportunity to file an opposition and request a hearing.” Srebnick v. Lo-Law Transit Management, Inc., 29 Mass. App. Ct. 45, 51 (1990). Burnell acknowledges that it failed to give Edge notice before filing its motion to amend.
But since it is apparent that Burnell may not assert its new claims against Edge as third-party claims in this action, the Court will deny that part of this motion without waiting for Burnell to serve Edge and give it a chance to respond.
A defendant in a civil action may assert a claim against some third-party “who is or may be liable to him for all or part of the plaintiff’s claim” against the defendant. See Mass. R. Civ. P. 14. This procedure under Rule 14 may be used only “in situations of indemnity or possible contribution,” not to assert other
 
                                                            -5-
 
kinds of claims against a third party. Gabbidon v. King, 414 Mass. 685, 686–687 (1993) (affirming dismissal of third-party complaint).
Since Burnell’s proposed claims against Edge Automation do not concern potential liability for at least part of the damages sought against Burnell by Schnoonover, these claims are not properly raised by impleading Edge through third-party claims. Id.; Liberty Mut. Ins. Co. v. Westerlind, 374 Mass. 524, 525 (1978).[4]
4. Proposed New Affirmative Defenses. Though the proposed amended answer would also add about 18 new items that are labelled “affirmative defenses,” Burnell’s memorandum does not address the affirmative defenses at all. That alone is grounds to deny that aspect of the motion. In the Superior Court, parties seeking any kind of relief by way of motion must submit a memorandum “stating the reasons, including supporting authorities, that the motion should be granted.” See Superior Court Rule 9A(a)(1). Burnell has not done so with respect to its proposed new affirmative defenses.
Many of the proposed new affirmative defenses appear on their face to be futile or unnecessary.
It is too late for Burnell to assert defenses for insufficiency of process or insufficiency of service of process under Mass. R. Civ. P. 12(b)(4) and (5); Burnell waived those defenses by not raising them in its original answer. See Rule 12(h)(1).
A challenge to the sufficiency of a complaint under Rule 12(b)(6) must be made by motion before filing an answer, not by way of affirmative defense stated within an answer. See Mass. R. Civ. P. 12(b) (“A motion making any of these defenses shall be made before pleading if a further pleading is permitted.”).  A defendant that has already filed an answer may challenge the sufficiency of the complaint by serving and filing a motion for judgment on the pleadings under Mass. R. Civ. P. 12©, but after filing an answer it is too late to do so by way of a Rule 12(b)(6) motion to dismiss. See Patrick v. Rivera-Lopez, 708 F.3d 15, 18 (1st Cir. 2013) (applying federal rules of civil procedure).
 
--------------------------------------------
 
[4] The proposed third-party claims against Edge may be time-barred for the same reasons that the proposed new counterclaims against Schoonover are time- barred. The Court need not address that issue to resolve the pending motion.
 
                                                            -6-
 
The assertions that Schoonover’s claims are barred by his own negligence or his comparative negligence appear to be irrelevant, since Schoonover asserts only claims for breach of contract, not tort claims.
The various assertions that Schoonover cannot establish some element of his claims, and the assertion that Burnell should be awarded sanctions under G.L. c. 231, § 6F, are not affirmative defenses at all.
As for the other proposed affirmative defenses, Burnell has made no showing that they have any relevance in the circumstances of this case.
ORDER
Defendant’s motion for leave to file an amended answer with additional counterclaims and new third-party claims (docket no. 20) is denied.
/s/Kenneth W. Salinger Justice of the Superior Court
February 26, 2026